IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GEORGE THOMPSON,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:16-cv-2396 |
| | § | |
| | § | |
| **BUFFALO WILD WINGS** | § | |
| **INTERNATIONAL, INC.,** | § | |
| | § | |
| *Defendant*. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Buffalo Wild Wings International, Inc. ("Defendant") files this Notice of Removal of the above-styled action pursuant to 28 U.S.C. §§ 1446(a) and shows the Court:

### A. INTRODUCTION

1. Pursuant to Local Rules 3 and 81, Defendant attaches an index of documents filed in Cause No. DC-15-09508/docket sheet. See Ex. A.

2. On or about August 19, 2015, George Thompson ("Plaintiff") initiated a state-court lawsuit against former Defendant Karla Ann Koepf in the 193rd Judicial District Court of Dallas County, Texas, styled *George Thompson v. Karla Ann Koepf* pending as Cause No. DC-15-09508 ("the state court action"). In the state court action, Plaintiff sought damages for negligence resulting from a motor vehicle accident that occurred on May 31, 2015, at or near Buckingham Road, Texas, which allegedly caused serious and permanent injuries. *See* Plaintiff's Original Petition, attached as Exhibit B.

3. On April 18, 2016, Plaintiff filed his First Amended Petition and Request for Discovery, which added claims against Buffalo Wild Wings International, Inc. on the grounds that the restaurant allegedly served alcoholic beverages to Karla Ann Koepf prior to the accident.

*See* Plaintiff's Amended Petition attached as Exhibit C. Defendant Buffalo Wild Wings International, Inc. filed its Answer to the Amended Petition on May 27, 2016. *See* Exhibit D.

4. Plaintiff subsequently settled all claims against Karla Ann Koepf only, and on July 19, 2016, the presiding judge in the state court action issued an order dismissing all claims against Karla Ann Koepf, with prejudice. *See* Exhibit E.

5. Karla Ann Koepf is a resident and citizen of the state of Texas. Upon her dismissal, complete diversity was established, and this matter became removable to Federal Court pursuant to 28 U.S.C. § 1446(b).

6. The attorneys involved in the action being removed are:

| **Party and Party Type** | **Attorney(s)** |
| --- | --- |
| Plaintiff George Thompson | Ryan E. Rogers<br>Texas Bar No. 24011200<br>1909 Woodall Rodgers Freeway, Suite 200<br>Dallas, TX 75201<br>Tel. (214) 744-3339<br>Fax. (972) 301-2444<br>Email: rrogers@gmfirm.com<br>Eservice: GMLIT@gmfirm.com<br>Paralegal: hteer@gmfirm.com |
| Defendant Buffalo Wild Wings International, Inc. | Jeffrey J. Wolf<br>State Bar No. 21849012<br>1360 N. White Chapel Boulevard<br>Southlake, TX  76092-4303<br>817-552-9653<br>817-552-0300 Fax<br>Email: jwolf@wolflawpc.com |

7. The name and address of the court from which the case is being removed is:

The Honorable Carl Ginsberg
193rd Judicial District Court
George L. Allen, Sr. Courts Building
600 Commerce Street
Box 822
Dallas, Texas 75202
Telephone: (214) 653-7791

2

## B. NOTICE OF REMOVAL TIMELY

8. This matter became removable upon the dismissal of Karla Ann Koepf by order dated July 19, 2016. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after this matter first became removable on the basis of complete diversity. Consequently, this Notice of Removal is timely.

## C. COMPLETE DIVERSITY

9. Pursuant to the state court action, Plaintiff George Thompson is a citizen residing in Dallas County, Texas.

10. Defendant, Buffalo Wild Wings International, Inc., is a Minnesota corporation with headquarters and principal place of business in Minneapolis, Minnesota.

11. In light of the foregoing, the parties are of completely diverse citizenship. *See* 28 U.S.C. §§ 1332(a), 1441(b).

## D. AMOUNT IN CONTROVERSY

12. Plaintiff's First Amended Petition alleges damages for past and future medical expenses, past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, lost wages, lost future earning capacity, past and future disfigurement, and past and future mental anguish. *See* Exhibit C at ¶ 13, page 6. In the First Amended Petition, Plaintiff alleges damages of no less than two-hundred thousand dollars ($200,000) and no more than one-million dollars ($1,000,000). *See* Exhibit C at ¶ 6.

13. The "amount in controversy" under 28 U.S.C. § 1332(a) is determined by Plaintiff's allegations requesting damages relating to his claims associated with his causes of action relating to Defendant's alleged negligence. *See id.* Based on Plaintiff's First Amended Petition, all allegations demonstrate that Plaintiff seeks damages in excess of $75,000.00 and the amount in controversy greatly exceeds $75,000. *See id.* Based on the damages Plaintiff seeks and the claims he asserts, Defendant believes there is more than $75,000.00 in controversy in this

lawsuit. Accordingly, the amount in controversy is more than the jurisdictional minimum. *See* 28 U.S.C. § 1332(a).

14.   A court can determine that removal is proper from a plaintiff's pleadings if a plaintiff's claims are those that are likely to exceed the jurisdictional amount. *See Allen v. R&H Oil & Gas., Co*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993). Only "expenses and costs" are excluded from the calculation of the matter in controversy. *See* 28 U.S.C. § 1332(a). Attorney's fees are an element of the amount in controversy where their recovery is authorized by a statute under which the plaintiff sues. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), cert. denied, 534 U.S. 894 (2001).

E.   <u>ALL PLEADINGS OF STATE COURT ACTION ATTACHED AS EXHIBITS</u>

15.   Copies of all live pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a). *See* Exhibits B through E.

F.   <u>BASIS FOR REMOVAL</u>

16.   Because this is a civil action of which the District Courts of the United States have original jurisdiction, this case may be removed to this Court pursuant to 28 U.S.C. § 1446(b). Further, because Plaintiff is a citizen and resident of Texas, Defendant is a citizen and resident of Minnesota, and since the amount in controversy exceeds $75,000.00, the Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

G.   <u>FILING OF NOTICE WITH STATE COURT</u>

17.   Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record and to the clerk of the state court action.

H.   <u>JURY DEMAND</u>

18.   Plaintiff made a jury demand in state court. Defendant also requests a jury demand at this time.

## PRAYER

19. **WHEREFORE, PREMISES CONSIDERED,** Defendant Buffalo Wild Wings International, Inc. requests that this Court proceed with the handling of this cause of action as if it had been originally filed herein, that this Court make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the state court action to this Court, and that it have such other and further relief to which it may show itself entitled.

Respectfully submitted,

By:   */s/ Jeffrey J. Wolf*
Jeffrey J. Wolf
State Bar No. 21849012
Email:  jwolf@wolflawpc.com
Eric L. Lindstrom
State Bar No. 12385200
Email: elindstrom@wolflawpc.com
**THE WOLF LAW FIRM, P.C.**
1360 N. White Chapel Boulevard
Southlake, TX  76092-4303
817-552-9653
817-552-0300 Fax
Attorneys for Defendant,
BUFFALO WILD WINGS
INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

This is to certify that on the 17th day of August, 2016, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Jeffrey J. Wolf*
Jeffrey J. Wolf

5