# Exhibit B

FILED
DALLAS COUNTY
8/19/2015 4:27:04 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-15-09508 _____

| | | |
|---|---|---|
| GEORGE THOMPSON | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| KARLA ANN KOEPF | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES GEORGE THOMPSON, hereinafter called Plaintiff, complaining of and about KARLA ANN KOEPF, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.     Plaintiff, GEORGE THOMPSON, is an Individual who resides in Dallas, Dallas County, Texas.

3.     The last three numbers of GEORGE THOMPSON's social security number are 789.

4.     Defendant KARLA ANN KOEPF, an Individual who is a resident of Texas, may be served with process at her home at the following address: 609 Carriage House Lane, Apt. C7, Garland, Texas  75040, or wherever she may be found.  Service of said Defendant as described above can be effected by personal delivery.

### JURISDICTION AND VENUE

5.     The subject matter in controversy is within the jurisdictional limits of this court.

6.   Plaintiff seeks:

    a.   monetary relief over $200,000 but not more than $1,000,000.

7.   This court has jurisdiction over the parties because Defendant is a Texas resident.

8.   Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

9.   On or about May 31, 2015 Plaintiff was a passenger in a vehicle traveling eastbound on Bucking ham Road when Defendant failed to stop at a red light and collided with Plaintiff's vehicle. Defendant was driving while intoxicated and arrested at the scene. The damages were proximately caused by the negligence of Defendant as follows:

## PLAINTIFF'S
## CLAIM OF NEGLIGENCE AGAINST KARLA ANN KOEPF

10.   Defendant KARLA ANN KOEPF had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

11.   Plaintiff's injuries were proximately caused by Defendant KARLA ANN KOEPF's negligent, careless and reckless disregard of said duty.

12.   The negligent, careless and reckless disregard of duty of Defendant KARLA ANN KOEPF consisted of, but is not limited to, the following acts and omissions:

    A.   In that Defendant KARLA ANN KOEPF failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B.   In that Defendant KARLA ANN KOEPF failed to yield as a person of prudent care would have done;

C.   In that Defendant KARLA ANN KOEPF was operating the motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

D.   In that Defendant KARLA ANN KOEPF failed to apply the brakes to the motor vehicle in a timely and prudent manner and wholly failed to apply the brakes in order to avoid the collision in question;

E.   In that Defendant KARLA ANN KOEPF failed to stop at an Official-Traffic Control Device;

F.   In that Defendant KARLA ANN KOEPF failed to stop, yield, and grant immediate use of the intersection to Plaintiff's motor vehicle after it had entered the intersection to conform to the Official Traffic-Control ;

G.   In that Defendant KARLA ANN KOEPF was driving while intoxicated.

## MALICE AND EXEMPLARY DAMAGES

The wrong done by Defendant was aggravated by the kind of gross negligence, malice, and callous disregard for which the law allows the imposition of exemplary damages. The conduct of the Defendant, when viewed objectively from the standpoint of Defendant at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and the Defendant were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare to others. The Defendant's acts of omission and commission, which collectively and severally constituted malice, were a proximate cause of the injuries and damages suffered by the Plaintiff. As such, Plaintiff seeks exemplary damages in an amount to be determined by a jury.

## DAMAGES FOR PLAINTIFF, GEORGE THOMPSON

13.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, GEORGE THOMPSON was caused to suffer bodily injury, and to incur the following damages:

A.    Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, GEORGE THOMPSON for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas & Tarrant County, Texas;

B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering in the future;

E.    Physical impairment in the past;

F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

G.    Loss of earnings in the past;

H.    Loss of earning capacity which will, in all probability, be incurred in the future;

I.    Disfigurement in the past;

J.    Disfigurement in the future;

K.    Mental anguish in the past; and

L.    Mental anguish in the future.

## PAST AND FUTURE DAMAGES

All damages mentioned in the above paragraphs are in the past and future where applicable.

## RULE 193.7 NOTICE

Pursuant to rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that any and all documents produced by either Plaintiff or Defendant may be used at any pretrial proceeding or at a trail of this matter.

## PLAINTIFF'S REQUEST FOR DISCOVERY

### Request for Disclosure

Defendant is hereby requested to disclose, within fifty (50) days of service of this petition and incorporated request, the information or material described in Rule 194.2(a)-(i) of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

### Interrogatories

Defendant is hereby requested to answer, within fifty (50) days of service this petition and incorporated request, the interrogatories attached hereto as *"Exhibit A,"* separately, fully, in writing, and under oath, pursuant to Rule 197 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

### Request for Production

Defendant is hereby requested to produce, within fifty (50) days of service of this petition and incorporated request the documents and tangible items in the list attached hereto as *"Exhibit B,"* pursuant to Rule 196 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

### Request for Admissions

Defendant is hereby requested to admit or deny, in writing, within (50) days of service of this petition and incorporated request, the propositions of fact and/or law attached hereto as *"Exhibit C,"* pursuant to Rule 198 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, GEORGE THOMPSON, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final

hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an

amount within the jurisdictional limits of the Court; together with pre-judgment interest (from

the date of injury through the date of judgment) at the maximum rate allowed by law; post-

judgment interest at the legal rate, costs of court; and such other and further relief to which the

Plaintiff may be entitled at law or in equity.

Respectfully submitted,

GODSEY LAW FIRM

By: _____
Ryan B. Rogers
Texas Bar No. 24011200
Email: rrogers@gmfirm.com
Eservice: GMLIT@gmfirm.com
Paralegal: hteer@gmfirm.com
1909 Woodall Rodgers Freeway, Suite 200
Dallas, TX 75201
Tel. (214) 744-3339
Fax. (972) 301-2444
Attorney for Plaintiff
GEORGE THOMPSON

## "EXHIBIT A"

## PLAINTIFF'S REQUEST FOR INTERROGATORIES
## TO DEFENDANT
## DEFINITIONS AND INSTRUCTIONS

1.     As used herein, the terms "you" and "your" shall refer to Karla Ann Koepf, "Defendant's" attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Karla Ann Koepf, whether authorized to do so or not.

2.     As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.   The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.     In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.    "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.    "Identify" or "Identification":

(a)    When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)    When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i)    the title, heading, or caption, if any, of such document;

(ii)    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v)    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)    the physical location of the document and the name of its custodian or custodians.

6.    "Settlement": as used herein, means:

(a)   an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendant or between any defendant herein whereby plaintiff or defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)   any resolution of the differences between the plaintiff and defendant by loan to the plaintiff or any other device which is repayable in whole or in part out of any judgment the plaintiff may recover against defendant.

(c)   The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.   Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

## INTERROGATORIES

1.   Please state the full name, address, telephone number, date of birth, driver's license number, social security number, and occupation of the person answering these interrogatories.

**ANSWER:**

2.   State the full name, telephone number, address and your immediate supervisor for your employers for the last ten (10) years.  Please indicate if you have held any ownership interest in this(these) business(es).

**ANSWER:**

3.   State the Style, Court and Cause number of any lawsuit you have been a party to and the final disposition of said suit.

**ANSWER:**

4.   Please state any and all traffic violations you have had in the ten (10) years preceding this collision.  Please indicate if you have had your driving license revoked due to any of these violations and the period of time your license was revoked.

**ANSWER:**

5.   Please state whether you have had any other motor vehicle accidents in the past ten (10) years.  If so, please list the date and location of such accident, the parties involved and a factual description of the accident.

**ANSWER:**

6.   List all criminal arrests and/or charges against you, your predecessors, affiliates, or subsidiaries, or divisions by giving the cause number; identities of all accused; court of jurisdiction; description of criminal charges; date and place of arrest; plea made; date of trial and/or plea bargain; whether or not convicted and on what charges; time served; date of release from confinement; whether or not granted pardon or parole, and if so, date pardon granted or parole was or will be successfully completed.

**ANSWER:**

7.     State in detail what intoxicating beverages, if any, you had consumed and what drugs and/or medications you had taken for the 24 hour period prior to the collision.

**ANSWER**:

8.     State your description of how the collision occurred, including but not limited to the factors which caused and/or contributed to the incident, relative speed and direction of all parties involved, and Defendant's claims of all, if any, acts or omissions by Plaintiff.

**ANSWER:**

9.     Please state the number and state of issuance of Defendant's driver's license, whether such license was valid at the time of the collision, and whether Defendant's driver's license has ever been suspended or revoked.

**ANSWER:**

10.    Please list all traffic accidents in which Defendant has been involved within the last five (5) years, including the locations, date of accident, and a brief description of each accident.

**ANSWER:**

11.    Identify all passengers in the vehicle you were operating when the collision occurred.

**ANSWER:**

12.    State the telephone number and cell service provider for each cellular telephone that was in your vehicle at the time of the collision, whether any such cell phone was in use at the time of the collision and to whom you (or your passenger) were speaking to at the time of the collision.

**ANSWER:**

13.    State any electronic devices in use at the time of accident including but not limited to navigation devices, tablets, radios, etc.   Exclude only those devices integral to the operation of the vehicle.

ANSWER:

14.     For the trip on which you were engaged at the time of the collision, state the point of origin, intended destination, and the location of and purpose for all intermediate stops.

ANSWER:


15.     Please state what your automobile insurance coverage was at the time of the accident and whether you had any other insurance policies in effect at the time of the auto accident covering bodily injuries caused to the other person.  If so, please provide all pertinent information, including the name of the insurance carrier, the policy number, the type of coverage, the amount of coverage and effective dates of said policy.

ANSWER:


16.     Please state the names, addresses of the bars, restaurants, residences or any other type of establishment or event where you were consuming alcoholic beverages in the twelve (12) hours leading up to the accident/incident which forms the basis of this lawsuit.

ANSWER:

## VERIFICATION

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF DALLAS** | § |

BEFORE ME, the undersigned authority, personally appeared KARLA ANN KOEPF, who stated, upon oath, that the statements made in the foregoing instrument are within his personal knowledge and are true and correct.

_____
KARLA ANN KOEPF

**SUBSCRIBED AND SWORN TO BEFORE ME** on _____, by

_____.

_____
Notary Public, State of Texas

## "EXHIBIT B"

### PLAINTIFF'S REQUEST FOR PRODUCTION
### TO DEFENDANT
### DEFINITIONS AND INSTRUCTIONS

1.       As used herein, the terms "you" and "your" shall mean Karla Ann Koepf, and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on behalf of Karla Ann Koepf, whether authorized to do so or not.

2.       As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.       In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.      "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

5.      Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner.

## DOCUMENTS TO BE PRODUCED

1. All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of Karla Ann Koepf, "Defendant's" attorney or anyone acting on "Defendant's" behalf.

2. All photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of Karla Ann Koepf, "Defendant's" attorney or anyone acting on "Defendant's" behalf.

3. All photographs taken of "Plaintiff" which may be in the possession, constructive possession, custody or control of Karla Ann Koepf, "Defendant's" attorney or anyone acting on "Defendant's" behalf.

4. All pictures, motion pictures, movies, films, or photographic material of any kind taken of "Plaintiff" which are in the possession, constructive possession, custody or control of Karla Ann Koepf, "Defendant's" attorney or anyone acting on "Defendant's" behalf.

5. All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of Karla Ann Koepf, "Defendant's" attorney or anyone acting on "Defendant's" behalf.

6. All written statements made by the "Plaintiff" in the possession, constructive possession, custody or control of Karla Ann Koepf, "Defendant's" attorney or anyone acting on "Defendant's" behalf.

7. All oral statements made by "Plaintiff" which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Karla Ann Koepf, "Defendant's" attorney or anyone acting on "Defendant's" behalf.

8. A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about "Plaintiff" which are in the possession, constructive possession, custody or control of Karla Ann Koepf, "Defendant's" attorney or anyone acting on "Defendant's" behalf.

9. All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that Karla Ann Koepf advise "Plaintiff" accordingly and reduce such material to a tangible form).

10. A curriculum vitae or resume for any consulting expert whose mental impressions or

opinions have been reviewed by a testifying expert.

11.  Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Karla Ann Koepf, as a result of the accident which has been made the basis of Plaintiff's lawsuit.

12.  Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Karla Ann Koepf that Karla Ann Koepf prepared as a result of the accident made the basis of Plaintiff's lawsuit.

13.  Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any vehicles involved in the accident made the basis of Plaintiff's lawsuit.

14.  Copies of any contracts or agreements between Karla Ann Koepf and any maintenance or repair services in effect on May 31, 2015.

15.  Copies of receipts for your purchase(s) of alcoholic beverages.

16.  Copies of any photographs wherein you are consuming alcoholic beverages on the date of the incident in question.

17.  Copies of Facebook, Instagram, Twitter or any other social media website from the date of the incident in question.

## "EXHIBIT C"

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO
## DEFENDANT KARLA ANN KOEPF

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, the terms, "you" and "your" shall mean Karla Ann Koepf and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on behalf of Karla Ann Koepf whether to do so or not.

2.  As used herein, the term "collision" shall refer to the collision that occurred on May 31, 2015 and that makes the basis of this suit.

3.  "Person" or "Persons" means any natural persons, firms, partnerships, associations, joint ventures, corporation and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

## ADMISSIONS

1. The collision was a result of your failure to keep a proper lookout.

Admit or Deny

2. The collision was a result of your failure to keep a safe distance between your vehicle and Plaintiff's.

Admit or Deny

3. That you have been convicted of more than one traffic violation prior to the collision.

Admit or Deny

4. You were intoxicated at the time of the collision.

Admit or Deny

5. You were solely at fault in the collision.

Admit or Deny

6. The Plaintiff did nothing to cause or contribute to the collision.

Admit or Deny

7. The collision was a result of your inattentiveness.

Admit or Deny

8. At the time of the collision, you were operating your cell phone.

Admit or Deny

9. You have caused at least one other accident.

Admit or Deny

10. Plaintiff's damages are a direct result of your negligence.

Admit or Deny

11.  That you were consuming alcoholic beverages at a bar prior to the accident in question.

Admit or Deny

12.     That you were consuming alcoholic beverages at a restaurant or establishment prior to the accident in question.

Admit or Deny

13.     That you were consuming alcoholic beverages at a residence prior to the accident in question.

Admit or Deny

14.     That you were driving while intoxicated at the time of the incident in question.

Admit or Deny

15.     That you were driving under the influence of illegal narcotic drugs at time of the incident of question.

Admit or Deny

16.     That you were driving under the influence of narcotic drugs at the time of the incident of question.

Admit or Deny